UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INTERMETAL REBAR, LLC** <br><br> **VERSUS** <br><br> **AVONDALE TERMINAL SERVICES, LLC** | **CIVIL ACTION** <br><br> **2:25-cv-02057-LMA-EJD** |

**AVONDALE TERMINAL SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF INTERMETAL REBAR, LLC'S COMPLAINT AND COUNTERCLAIM**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Avondale Terminal Services, LLC ("Avondale"), who submits the following Answer and Affirmative Defenses to the Complaint and Counterclaim (R. Doc. 1) filed by Plaintiff Intermetal Rebar, LLC ("Intermetal"). Avondale avers as follows:

**ANSWER**

**NOW**, in answering the specific allegations of the Complaint, Avondale avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief therein.

2.

Avondale admits the allegations in Paragraph 2 of the Complaint.

3.

The allegations in Paragraph 3 contain statements of law; to the extent factual, Avondale admits the allegations in Paragraph 3 of the Complaint.

1

4.

The allegations in Paragraph 4 contain statements of law; to the extent factual, Avondale admits the allegations in Paragraph 4 of the Complaint.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.  Further, this storage clause specifically did not include dunnage costs.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief therein; the referenced documents are the best evidence of any terms.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of information sufficient to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of information sufficient to justify a belief therein. This statement is an intentional disclosure of fact by Intermetal. Intermetal discharged all of its cargo in New Orleans to avoid a tariff charge in Houston.

18.

The allegations contained in Paragraph 18 of the Complaint are specifically denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are specifically denied.

21.

The allegations contained in Paragraph 21 of the Complaint are specifically denied.

22.

The allegations contained in Paragraph 22 of the Complaint are specifically denied.

23.

The allegations contained in Paragraph 23 of the Complaint are specifically denied.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are denied for lack of information sufficient to justify a belief therein; the best evidence of any written communication is the communication itself.

29.

The allegations contained in Paragraph 29 of the Complaint are denied for lack of information sufficient to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Complaint are denied for lack of information sufficient to justify a belief therein; the best evidence of any written communication is the communication itself.

31.

The allegations contained in Paragraph 31 of the Complaint are denied for lack of information sufficient to justify a belief therein.

32.

The allegations contained in Paragraph 32 of the Complaint are denied for lack of information sufficient to justify a belief therein; the best evidence of any written communication is the communication itself.

#110099977v1

33.

The allegations contained in Paragraph 33 of the Complaint are denied for lack of information sufficient to justify a belief therein; the best evidence of any written communication is the communication itself.

34.

The allegations contained in Paragraph 34 of the Complaint are denied for lack of information sufficient to justify a belief therein; the best evidence of any written communication is the communication itself.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Complaint are denied; the best evidence of any written communication is the communication itself.

37.

The allegations contained in Paragraph 37 of the Complaint are denied for lack of information sufficient to justify a belief therein.

38.

The allegations contained in Paragraph 38 of the Complaint are denied; the best evidence of any written communication is the communication itself.

39.

The allegations contained in Paragraph 39 of the Complaint are denied for lack of information sufficient to justify a belief therein.

#110099977v1

40.

The allegations contained in Paragraph 40 of the Complaint are denied for lack of information sufficient to justify a belief therein.

41.

The allegations contained in Paragraph 41 of the Complaint are denied for lack of information sufficient to justify a belief therein.

42.

The allegations contained in Paragraph 42 of the Complaint are denied for lack of information sufficient to justify a belief therein.

43.

The allegations contained in Paragraph 43 of the Complaint are denied for lack of information sufficient to justify a belief therein.

44.

The allegations contained in Paragraph 44 of the Complaint are denied for lack of information sufficient to justify a belief therein.

45.

The allegations contained in Paragraph 45 of the Complaint are denied for lack of information sufficient to justify a belief therein.

46.

The allegations contained in Paragraph 46 of the Complaint are denied; any damage was preexisting and not due to any fault or neglect of the Defendant.

47.

The allegations contained in Paragraph 47 of the Complaint are denied; any damage was preexisting and not due to any fault or neglect of the Defendant.

#110099977v1

48.

The allegations contained in Paragraph 48 of the Complaint are denied; any damage was preexisting and not due to any fault or neglect of the Defendant.

49.

The allegations contained in Paragraph 49 of the Complaint are denied for lack of information sufficient to justify a belief therein.

50.

The allegations contained in Paragraph 50 of the Complaint are denied for lack of information sufficient to justify a belief therein.

51.

The allegations contained in Paragraph 51 of the Complaint are denied for lack of information sufficient to justify a belief therein.

52.

The allegations contained in Paragraph 52 of the Complaint are denied for lack of information sufficient to justify a belief therein.

53.

The allegations contained in Paragraph 53 of the Complaint are denied for lack of information sufficient to justify a belief therein.

54.

The allegations contained in Paragraph 54 of the Complaint are denied; any damage was preexisting and not due to any fault or neglect of the Defendant.

55.

The allegations contained in Paragraph 55 of the Complaint are denied; any damage was preexisting and not due to any fault or neglect of the Defendant.

56.

The allegations contained in Paragraph 56 of the Complaint are denied for lack of information sufficient to justify a belief therein.

57.

The allegations contained in Paragraph 57 of the Complaint require no response. To the extent a response is necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

58.

The allegations contained in Paragraph 58 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

59.

The allegations contained in Paragraph 59 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

60.

The allegations contained in Paragraph 60 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

61.

The allegations contained in Paragraph 61 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

#110099977v1

62.

The allegations contained in Paragraph 62 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

63.

The allegations contained in Paragraph 63 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreed terms.

64.

The allegations contained in Paragraph 64 of the Complaint are denied.

65.

The allegations contained in Paragraph 65 of the Complaint require no response. To the extent a response is necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

66.

The allegations contained in Paragraph 66 of the Complaint contain conclusions of law and require no response.

67.

The allegations contained in Paragraph 67 of the Complaint are denied for lack of information sufficient to justify a belief therein; the documents referenced are the best evidence of any agreement.

68.

The allegations contained in Paragraph 68 of the Complaint are denied; the documents referenced are the best evidence of any agreement.

69.

The allegations contained in Paragraph 69 of the Complaint are denied.

70.

The allegations contained in Paragraph 70 of the Complaint are denied.

71.

The allegations contained in Paragraph 71 of the Complaint are denied.

72.

The allegations contained in Paragraph 72 of the Complaint do not require a response. To the extent a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

73.

The allegations contained in Paragraph 73 of the Complaint are denied for lack of information sufficient to justify a belief therein.

74.

The allegations contained in Paragraph 74 of the Complaint are denied for lack of information sufficient to justify a belief therein.

75.

The allegations contained in Paragraph 75 of the Complaint are denied.

76.

The allegations contained in Paragraph 76 of the Complaint are denied.

77.

The allegations contained in Paragraph 77 of the Complaint require no response. To the extent deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

78.

The allegations contained in Paragraph 78 of the Complaint are denied for lack of information sufficient to justify a belief therein.

79.

The allegations contained in Paragraph 79 of the Complaint are denied.

80.

The allegations contained in Paragraph 80 of the Complaint are denied.

81.

The allegations contained in Paragraph 81 of the Complaint are denied.

82.

The allegations contained in Paragraph 82 of the Complaint are denied.

83.

The allegations contained in Paragraph 83 of the Complaint require no response. To the extent a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

84.

The allegations contained in Paragraph 84 of the Complaint are denied for lack of information sufficient to justify a belief therein.

85.

The allegations contained in Paragraph 85 of the Complaint are denied.

86.

The allegations contained in Paragraph 86 of the Complaint are denied.

87.

The allegations contained in Paragraph 87 of the Complaint are denied.

88.

The allegations contained in Paragraph 88 of the Complaint require no response. To the extent a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

89.

The allegations contained in Paragraph 89 of the Complaint are denied.

90.

The allegations contained in Paragraph 90 of the Complaint are denied.

91.

The allegations contained in Paragraph 91 of the Complaint are denied.

92.

The allegations contained in Paragraph 92 of the Complaint are denied.

93.

The allegations contained in Paragraph 93 of the Complaint are denied for lack of information sufficient to justify a belief therein.

94.

The allegations contained in Paragraph 94 of the Complaint are denied for lack of information sufficient to justify a belief therein.

95.

The allegations contained in Paragraph 95 of the Complaint are denied.

96.

The allegations contained in Paragraph 96 of the Complaint are denied for lack of information sufficient to justify a belief therein.

#110099977v1

97.

The allegations contained in Paragraph 97 of the Complaint are denied for lack of information sufficient to justify a belief therein.

98.

The allegations contained in Paragraph 98 of the Complaint are denied for lack of information sufficient to justify a belief therein.

## AFFIRMATIVE DEFENSES

Avondale asserts the following affirmative defenses without conceding that the burden of proving the allegations or denials contained therein:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has no claim under the LUTPA, has not complied with statutory conditions precedent, and through assertion of this claim, is liable to Defendant for costs and attorney fees under LUTPA.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by accord and satisfaction, settlement, compromise, contribution, discharge of obligation, payment and/or set-off.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of acquiescence or waiver.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by ratification.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint should be dismissed, or alternatively, the damages should be reduced, due to Plaintiff's own conduct and/or failure to comply with, or satisfy the conditions of, the documents and alleged agreements between the parties.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint should be dismissed, or alternatively, the damages should be reduced, due to Plaintiff's conduct and/or failure to mitigate its damages, the existence of which, are specifically denied.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by failure of conditions precedent.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses or counterclaims that may be discovered hereafter, including without limitation, during the course of additional investigation and discovery.

## COUNTERCLAIM AGAINST INTERMETAL

**AND NOW**, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Avondale brings its counterclaim against Intermetal as follows:

1.

The Court has jurisdiction over the claims against Intermetal under the provisions of 28 U.S.C. §1333, and Avondale's counterclaim arises out of the same transaction and occurrence as Intermetal's claim.

2.

Made Defendant in Counterclaim is Intermetal Rebar, LLC.

3.

Avondale and Intermetal entered into Term Sheets to accomplish the discharge of cargo from a vessel on the assumptions that the cargo was to be received in good order and condition.

4.

In reality, the cargo supplied by Intermetal for discharge was not in good order and conditions nor packaged as in the custom and industry.

5.

The cargo was received in a damaged and/or non-customary state requiring Avondale to expend additional resources, time and labor to discharge, sort and store, for which the labor and materials have been uncompensated.

6.

Moreover, Intermetal was not prepared to logistically ship its cargo, causing additional delay, inefficiencies, and costs to Avondale.

7.

Cancellations and last-minute changes to deliveries, the failure to actively confirm deliveries, and related failures caused delay and damage to Avondale.

8.

Finally, at no time prior to discharge and the confirmation of rates did Intermetal advise Avondale of its sorting, splitting and logistical needs – all of which were non-customary.

9.

Moreover, as of the filing of this Counterclaim, there remain amounts invoiced to Intermetal for agreed services that Intermetal has not made payment as agreed.

## COUNT ONE

10.

The allegations of the foregoing paragraphs are incorporated by reference.

11.

Avondale and Intermetal entered into contracts for services, the terms of which were set forth in the written agreements.

12.

Intermetal's breaches of contract have caused Avondale damages in the following respects:

(1) Additional costs for delay and labor;

(2) Additional fees relating to expenses incurred for the cargo;

(3) Additional costs to preserve the cargo, including dunnage;

(4) legal interest on the items aforesaid; and

(5) other damages to be established through discovery.

## COUNT TWO

13.

In the alternative, and to the extent a contractual agreement was not reached, Intermetal has been unjustly enriched by the services provided by and on behalf of Avondale to Intermetal such that Intermetal is justly indebted to Avondale in a sum to be proven at trial.

14.

Avondale asserts a cause of action for unjust enrichment as provided by Louisiana Civil Code art. 2298.

15.

Plaintiff was enriched at Avondale's expense.  This enrichment occurred because Plaintiff did not have to pay fees and costs for services that were not included and has refused to pay Avondale for these costs.

16.

Correspondingly, Avondale has been impoverished because it has been forced to perform services without being paid for those services.

17.

There is a direct causal relationship between Plaintiff's enrichment and Avondale's impoverishment, in that Avondale was required to perform labor and services for the Plaintiff and Plaintiff's cargo, Plaintiff has refused to pay for all of the services and Plaintiff has received the services for free.

18.

There is no justification or legal cause for the Plaintiff's enrichment and Bent's RV's impoverishment.

19.

If it is found that no contract existed or that no contract existed for all services, Avondale has no other remedy available at law to seek reimbursement for the services it provided to Plaintiff.

20.

Consequently, as an alternative to the breach of contact claim, Plaintiff has been unjust enriched and is liable for all damages caused.

**PRAYER FOR TRIAL BY JURY**

Avondale prays for a trial by jury on all issues so triable herein.

**WHEREFORE**, Avondale prays that its Answer, Affirmative Defenses and Counterclaim be deemed good and sufficient, and that after due proceedings are had, judgment may be rendered in in favor of Avondale and against Intermetal, dismissing the Complaint and claims of Intermetal, granting the Counterclaim of Avondale, at Intermetal's sole cost and for all other equitable relief, that may be required or allowed.

              Respectfully submitted,

              */s/ L. Etienne Balart*
              L. ETIENNE BALART (La. #24951)
              SARA B. KUEBEL (La. #38305)
              JONES WALKER LLP
              201 St. Charles Avenue, 48th Floor
              New Orleans, Louisiana 70170-5100
              Telephone: 504-582-8584
              Facsimile: 504-589-8584
              Email: ebalart@joneswalker.com
                  skuebel@joneswalker.com

              ***Attorney for AVONDALE TERMINAL SERVICES, LLC***

## CERTIFICATE OF SERVICE

   I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by electronic filing, email, facsimile transmission, hand delivery, or by mailing same by United States Mail, properly addressed and first-class postage prepaid, on the ___ day of November, 2025.

              */s/ L. Etienne Balart*

#110099977v1