## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF LOUISIANA (NEW ORLEANS)

| | |
|---|---|
| **INTERMETAL REBAR, LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | **Case No. 2:25-cv-02057-LMA-EJD** |
| | **SECTION "I" (3)** |
| **v.** | |
| **AVONDALE TERMINAL SERVICES, LLC,** | |
| **Defendant.** | |

### INTERMETAL REBAR, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AVONDALE TERMINAL SERVICES, LLC'S COUNTERCLAIM

Intermetal Rebar, LLC ("Intermetal"), by and through its undersigned counsel for its Answer to Avondale Terminal Services, LLC's ("Avondale") Counterclaim ("Counterclaim"), hereby admits, denies, and affirmatively alleges as follows. Unless expressly admitted or otherwise responded to herein, all allegations in the Counterclaim are denied. To the extent any allegations are contained in the headings of the Counterclaim, express or implied, Intermetal denies such allegations.

///

///

///

///

///

## ANSWER

Intermetal, in answering the specific allegations of the Counterclaim, avers as follows:

1.

The allegations set forth in Paragraph 1 of the Counterclaim are legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Intermetal denies knowledge or information sufficient to form a belief and therefore denies the same.

2.

Intermetal admits it is the counter-defendant.

3.

Intermetal admits it and Avondale entered into Term Sheets but denies the remaining allegations in Paragraph 3 as characterized by Avondale; the documents referenced are the best evidence of any agreement.

4.

Intermetal denies the allegations in Paragraph 4.

5.

Intermetal denies the allegations in Paragraph 5.

6.

Intermetal denies the allegations in Paragraph 6.

7.

Intermetal denies the allegations in Paragraph 7.

8.

Intermetal denies the allegations in Paragraph 8.

///

LV 6999244.1

9.

Intermetal denies the allegations in Paragraph 9.

## **COUNT ONE**

10.

Intermetal repeats and incorporates herein by reference all previous responses to the Counterclaim as if fully set forth herein.

11.

Intermetal admits the allegations in Paragraph 11.

12.

Intermetal denies the allegations in Paragraph 12.

## **COUNT TWO**

13.

Intermetal denies the allegations in Paragraph 13.

14.

Intermetal denies the allegations in Paragraph 14.

15.

Intermetal denies the allegations in Paragraph 15.

16.

Intermetal denies the allegations in Paragraph 16.

17.

Intermetal denies the allegations in Paragraph 17.

18.

Intermetal denies the allegations in Paragraph 18.

LV 6999244.1

19.

Intermetal denies the allegations in Paragraph 19.

20.

Intermetal denies the allegations in Paragraph 20.

## **GENERAL DENIAL**

Plaintiff denies each and every allegation of the Counterclaim not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

### 1.    **First Affirmative Defense**

Avondale has not suffered any damages arising from Intermetal's conduct.

### 2.    **Second Affirmative Defense**

At all times relevant to the allegations contained in the Counterclaim, Intermetal acted with due care, circumspection, and good faith in the performance of any and all duties.

### 3.    **Third Affirmative Defense**

Avondale's counterclaims are barred by waiver and estoppel.

### 4.    **Fourth Affirmative Defense**

Avondale's counterclaims are barred, in whole or in part, by accord and satisfaction, settlement, compromise, contribution, discharge of obligation, payment, or setoff.

### 5.    **Fifth Affirmative Defense**

Avondale, by its own acts and conduct, waived its right to assert any counterclaim against Intermetal.

///

///

4

### 6.    Sixth Affirmative Defense

Damages, if any, suffered by Avondale are not attributable to any act, conduct, or omission on the part of Intermetal.

### 7.    Seventh Affirmative Defense

Avondale is barred from obtaining relief for any counterclaims by reason of its failure to mitigate its damages, if any.

### 8.    Eighth Affirmative Defense

Avondale's breach, repudiation, and nonperformance discharged Intermetal of any obligation to perform.

### 9.    Ninth Affirmative Defense

Avondale is barred from obtaining relief because of its own fraud.

### 10.    Tenth Affirmative Defense

Damages, if any, suffered by Avondale are attributable to its own negligence.

### 11.    Eleventh Affirmative Defense

Intermetal reserves the right to amend this answer to Avondale's Counterclaim to assert additional affirmative defenses as warranted by discovery and further investigation to which other affirmative defenses may apply.

///

///

///

///

///

///

LV 6999244.1

## <u>PRAYER FOR RRELIEF – COUNTERCLAIM</u>

WHEREFORE, having fully answered the Counterclaim, Intermetal prays that Avondale take nothing thereby and that such other and further relief be granted by this Court.

DATED November 24, 2025.

Respectfully Submitted,

*/s/ Robert McKay Holley*
R. HAROLD MCCARD, JR. ESQ.
Louisiana Bar No. 027843
**SPENCER FANE LLP**
511 Union Street, Suite 1000
Nashville, TN 37219
Tele.: 615.248.4665
Email: hmccard@spencerfane.com

And

ROBERT McKAY HOLLEY (*Admitted PHV*)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101
Tele.: 702.408.3400
Email: mholley@spencerfane.com

***Attorneys for Plaintiff Intermetal Rebar, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of November, 2025, that a copy of the foregoing has been served upon all known counsel of record using the Court's E-Filing system.


*/s/ Robert McKay Holley*
ROBERT McKAY HOLLEY (*Admitted PHV*)

LV 6999244.1